UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| CEDRICK KELLY | CIVIL ACTION NO. 10-013 |
|---|---|
| VERSUS | JUDGE TRIMBLE |
| HILLAR C. MOORE, III, ET AL. | MAGISTRATE JUDGE KIRK |

## MEMORANDUM ORDER

Before the court is a motion for leave to file a motion to alter or amend this court's order[1] administratively terminating the above captioned proceedings, filed by defendant Hillar C. Moore, IIII ("Moore").[2] Moore avers that it was error for this court to grant plaintiff's motion for administrative termination because, under Heck v. Humphrey,[3] plaintiff's claims for false arrest, false imprisonment and malicious prosecution under 42 U.S.C. 1983 are not cognizable, given that the adjudication of these claims in plaintiff's favor would necessarily imply the invalidity of plaintiff's arrest and conviction and, to date, plaintiff has not been convicted of the crime for which he was arrested. Moore asserts that the prematurity of plaintiff's claims warrants dismissal.

Plaintiff's motion for administrative termination seems to imply that, although the parties agree that plaintiff may not prosecute his civil rights claims at this time given that no conviction lies and, moreover, no state remedies to any future conviction have been exhausted, plaintiff filed suit in January of 2010 in order to ensure that his claims would not be lost due to prescription.

---

[1] R. 12.

[2] R. 13.

[3] 512 U.S. 477 (1994).

1

Since 42 U.S.C. 1983 provides no federal prescriptive periods, this court will apply the prescriptive period applicable to the alleged tort under state law.[4] In this case, plaintiff complains of false arrest, false imprisonment and malicious prosecution under Louisiana law, invoking Louisiana's tort law and liberative prescription of one year under Art. 3492.[5] The court will also apply the applicable tolling provisions under Louisiana law.[6] When a cause of action under § 1983 accrues, however, is a matter of federal law, which provides that the cause of action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action."[7]

Louisiana law recognizes the doctrine of contra non valentem agere nulla currit praescriptio, which operates to prevent prescription from running against a party who is unable to bring suit.[8] Among the four recognized situations where contra non valentem will apply is a situation where a legal cause prevents the court or its officers from taking cognizance of or acting on plaintiff's action.[9] Accordingly, a plaintiff such as Cedrick Kelly, whose claim is not cognizable by virtue of

---

[4]Owens v. Okure, 488 U.S. 235 (1989) (approving the characterization of § 1983 claims as personal injury actions and instructing the application of the appropriate state's personal injury statute of limitations to such claims); Elzy v. Roberson, 868 F.2d 793 (5th Cir. 1989) (affirming a district court's application of La. Civ. C. Art. 3492 to prisoner's civil rights claims under 42 U.S.C. § 1983).

[5]La. Civ. C. Art. 3492 provides that delictual (tort) actions are subject to a liberative prescription of one year, which commences on the day the injury or damage is sustained.

[6]Jackson v. Johnson, 950 F.2d 263, 265 (5th Cir. 1992) (citing Hardin v. Straub, 490 U.S. 536 (1989) and Burrell v. Newsome, 883 F.2d 416 (5th Cir. 1989)).

[7]Id. at 265 (quoting Lavellee v. Listi, 611 F.2d 1129 (5th Cir. 1980)).

[8]Burge v. Parish of St. Tammany, 996 F.2d 786, 788 (citing, inter alia, Plaquemines Parish Comm'n Council v. Delta Dev. Co., 502 So.2d 1034 (La. 1987)).

[9]Id. (citing Minor v. Casten, 521 So.2d 465, 467 (La. App. 4 Cir. 1988)).

the absence of a conviction or exhaustion of post-conviction relief, is said to be prevented from his claim by legal cause and Louisiana's one-year liberative prescription will not run against him until such time as the procedural impediments to his claim are removed.

A district court has the discretion to grant a stay once a premature claim is filed, in order to protect a plaintiff against prescription, though, as discussed above, the application of <u>contra non valentem</u> operates to foreclose that possibility.[10] In <u>Burge v. St. Tammany</u>,[11] the Fifth Circuit declined to require plaintiff to institute a premature § 1983 action and seek an immediate stay, recognizing the applicability of <u>contra non valentem</u>. In the case before us, plaintiff has already filed suit and been granted a stay and we find no authority mandating that the action be dismissed pending the outcome of plaintiff's state criminal case.

To the extent that Moore's motion also seeks dismissal of the claims pending the outcome of plaintiff's state criminal case on the basis of prosecutorial immunity, we do not find that such a remedy is appropriate at this time. Since plaintiff's claims are stayed and no further action will result until plaintiff, if convicted, has exhausted his post-conviction remedies, the goals of prosecutorial immunity are not frustrated.[12] Defendant Moore will not be subject to discovery or other burdensome pretrial requirements under the stay. Additionally, upon the motion of the parties showing proper cause, the stay will be lifted and the court will immediately require plaintiff to respond to the issue of prosecutorial immunity so that the issue may be decided without delay.

For the reasons stated above, it is hereby

---

[10] <u>Id.</u> (citing, <u>inter alia</u>, <u>Boring v. Cain</u>, 754 F.2d 1151, 1152-53 (5th Cir. 1985)).

[11] 996 F.2d 786 (5th Cir. 1993).

[12] <u>Imbler v. Pachtman</u>, 424 U.S. 409, 423 (1976).

**ORDERED** that Moore's motion to alter or amend this court's order granting a stay in this case is **DENIED**.

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 15th day of April, 2010.

                                    JAMES T. TRIMBLE, JR.
                                    UNITED STATES DISTRICT JUDGE